```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
              WESTERN DIVISION
```

ANDREW HANTZIS, #16438-112                                    PETITIONER

VERSUS                            CIVIL ACTION NO. 5:08cv341-DCB-MTP

BRUCE PEARSON                                                 RESPONDENT

**<u>MEMORANDUM OPINION</u>**

This matter is before the court, <u>sua sponte</u>, for consideration of dismissal. Petitioner, an inmate incarcerated at the F.C.I.-Yazoo, Yazoo City, Mississippi, filed on December 24, 2008, this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.

The petitioner states that he was convicted in 2001 in the United States District Court of California, Central District. However, he was not sentenced until June 28, 2005. He filed an appeal in the United States Court of Appeals for the Ninth Circuit which remains pending.

His grounds for habeas relief are as follows:

Ground one: The three and a half year delay [in rendering a decision in his appeal] violated petitioner's due process.

Ground two: The delay of four years from Hantzis' conviction to Hantzis' sentencing violated due process.

Therefore, petitioner is requesting as relief that he be released from custody, that a firm deadline be set to decide the appeal, an evidentiary hearing be held, and all other relief the court deems right and just.

Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

In the instant case, this court finds that it has jurisdiction to consider the instant § 2241 habeas petition since the petitioner is incarcerated in a facility located in this district. However, petitioner's claims are not pursuable in a § 2241 petition because they relate to the appeal of his conviction and sentence, not the execution of this sentence by the Bureau of Prisons. Therefore, the petitioner cannot maintain the instant § 2241 petition for habeas relief.

Additionally, this court finds that liberally construing the allegations of the instant petition that petitioner is requesting a writ of mandamus be issued by this district court directing the United States Court of Appeals for the Ninth Circuit to render a decision concerning the petitioner's appeal. A writ of mandamus

is used to compel an officer of the United States or any agency thereof to perform a duty owed to the petitioner. 28 U.S.C. § 1361. For a petitioner to be successful in his request for a writ of mandamus, he must "demonstrate (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." In Re Stone, 118 F.3d 1032, 1034 (5th Cir.1997)(citing United States v. O'Neil, 767 F.2d 1111, 1112 (5th Cir. 1985) (citations omitted); see also Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980)). "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Kerr v. United States Dist. Ct., 426 U.S. 394, 402 (1976).

Having considered the allegations of the instant petition, this court finds that the petitioner does not meet the requirements for this court to issue a writ of mandamus. Moreover, this court has found no authority which provides this district court with jurisdiction to direct the United States Court of Appeals for the Ninth Circuit to render a decision in the petitioner's criminal appeal. Consequently, the court fails to find the drastic remedy of mandamus necessary to petitioner's circumstance.

## CONCLUSION

As explained above, this court finds that the petitioner fails to assert a claim under 28 U.S.C. § 2241 for habeas relief

and furthermore, he fails to meet the requirement that mandamus, 28 U.S.C. § 1361, is appropriate under the circumstances of the instant civil action. Thus, petitioner's requests for habeas relief and a writ of mandamus are DENIED and this case is hereby DISMISSED with prejudice.

All pending motions are terminated with the issuance of this Memorandum Opinion.

A Final Judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED, this the ___20th___ day of January, 2009.


                                    ___s/ David Bramlette___
                                    UNITED STATES DISTRICT JUDGE